**LTV ENERGY PRODUCTS COMPANY, Appellant,**

v.

**CHAPARRAL INSPECTION COMPANY, Appellee.**

No. 01–91–00419–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 26, 1992.

Rehearing Denied April 30, 1992.

Robert M. Frey, Jackson, Miss., A.L. Bartley, Garland, for appellant.

John P. Venzke, Christopher Stanley, Houston, for appellee.

Before DUGGAN, MIRABAL and WILSON, JJ.

## OPINION

DUGGAN, Justice.

Appellant, LTV Energy Products Company, appeals a general summary judgment granted by the trial court in favor of appellee, Chaparral Inspection Company. We affirm.

Chaparral is in the business of inspecting oil well casing, and had a contract to inspect casing for Joe Bonner, Inc. Bonner sold casing that Chaparral had inspected to LTV; LTV, in turn, sold the casing to Hughes Eastern for use in drilling oil wells. When the casing failed downhole, Hughes Eastern sued LTV and Bonner in Mississippi. LTV settled by paying $615,-000 cash and forgiving Hughes Eastern $213,472.36 in debts; Bonner settled by paying Hughes Eastern $60,000 cash.

Thereafter, LTV brought this action in Texas against Chaparral to recover full indemnity for the amount paid in the Mississippi lawsuit. Chaparral filed a motion for summary judgment on March 12, 1991. LTV filed its first amended petition nine days later, on March 21, 1991. In its first amended petition, LTV sought recovery under six theories: (1) negligence; (2) misrepresentation; (3) negligent misrepresentation; (4) implied indemnity; (5) third party beneficiary; and (6) implied warranty of workmanlike inspection.

In its first point of error, LTV asserts that the motion for summary judgment, which was filed before LTV's first amended petition was filed, is insufficient as a matter of law to support a judgment on the additional grounds of recovery asserted in the first amended petition. In its third point of error, LTV urges that Chaparral was not entitled to summary judgment because it produced no law or evidence to refute LTV's five claims other than for implied indemnity.

■ The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); TEX.R.CIV.P. 166a(c). The issue on appeal in a summary judgment action is whether the movant met this burden. *Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

■ A trial court may not grant judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex.1983). The movant must establish that it is entitled to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of its defense as a matter of law. *Clear Creek Basin Auth.*, 589 S.W.2d at 678. A summary judgment is presumed to dispose of only those issues expressly presented, not all issues in the case. *City of Beaumont v. Guillory*, 751 S.W.2d 491, 492 (Tex.1988).

Chaparral's motion for summary judgment addressed only LTV's indemnity claim. Chaparral asserts that the other theories LTV pled are merely "roads to its ultimate goal, that is indemnity" from Chaparral. Chaparral claims that it proved in the summary judgment hearing that LTV cannot obtain the relief it seeks—indemnity; thus, the various theories pled to show fault on Chaparral's part are irrelevant.

This Court held in *Insurance Co. of North American v. Security Insurance*, 790 S.W.2d 407 (Tex.App.—Houston [1st Dist.] 1990, no writ), that a settling tortfeasor may not preserve a right to contribution against a nonsettling joint tortfeasor by purchasing an assignment of a cause of action (negligent failure to settle a claim within insurance coverage limits) from a common plaintiff. *Id.* at 411. There we rejected appellant's claim that its cause of action was for negligence and not for contribution, stating that the claims are "distinctions without a difference." *Id.*

The five additional causes of action LTV alleged in its first amended petition are simply methods of showing that Chaparral was somehow at fault, so that LTV can recover the indemnity it seeks. We hold that LTV's claims for negligence, misrepresentation, negligent misrepresentation, third party beneficiary, and implied war-

ranty of workmanlike inspection are all merely means to an end—implied indemnity. Therefore, if Chaparral showed in its motion for summary judgment that LTV is not entitled to indemnity as a matter of law, the summary judgment was proper. Appellant's first and third points of error are overruled.

■ LTV asserts in its second point of error that it is entitled to indemnity from Chaparral. It is incumbent upon Chaparral, as defendant/movant for summary judgment, to show that LTV is barred from bringing an indemnity claim against Chaparral as a matter of law.

The Texas Supreme Court abolished common law indemnity between joint tortfeasors in *B & B Auto Supply v. Central Freight Lines, Inc.*, 603 S.W.2d 814, 816–17 (Tex.1980). The court's decision was based upon Texas' adoption of a comparative negligence scheme, which precludes the total shifting of ultimate responsibility from one tortfeasor to another. The supreme court stated that under the new comparative negligence scheme, "there is no longer any basis for requiring one tortfeasor to indemnify another tortfeasor when both have been found negligent and assessed a percentage of fault by the jury." *Id.* at 817.

The court expressly stated that its holding was not a bar in cases where there is a contractual basis for indemnity, or where one party's liability is purely vicarious. *Id.* The court carved out a third exception to its abolition of common law indemnity in *Duncan v. Cessna Aircraft*, 665 S.W.2d 414 (Tex.1983). There, the court held that comparative causation does not affect the right of a retailer or other member of the marketing chain to obtain indemnity from the manufacturer of the defective product when the retailer or other member of the marketing chain is merely a conduit for the defective product and is not independently culpable. *Id.* at 432.

The case before us does not fall within any of the three exceptions. LTV and Chaparral had no contract providing for indemnification. Chaparral, as an inspector of the well casing for LTV's upstream supplier, was not a member of the marketing chain. Finally, there is no agency or surety relationship between LTV and Chaparral that would allow LTV to assert a vicarious liability theory.

In *American Alloy Steel v. Armco, Inc.* 777 S.W.2d 173 (Tex.App.—Houston [14th Dist.] 1989, no writ), the court was faced with a quite similar situation. American Alloy had a contract to buy steel plating from Armco. When American Alloy's subsequent buyer alleged that the plating was defective, American Alloy replaced it and sued Armco for reimbursement under an indemnity theory. The trial court granted Armco's motion for summary judgment, which the appellate court affirmed.

In reaching its decision, the Fourteenth Court of Appeals stated:

> There is no contractual provision for indemnity in the case before us. Therefore, we must determine whether the relationship between American Alloy and Armco is such that either in law or in equity, we may imply a right to indemnity on American Alloy's behalf. More specifically, does an implied obligation of indemnity arise out of the contractual relationship between the two companies?
>
> . . . .
>
> . . . The relationship between American Alloy and Armco is not one that persuades us to imply a right to indemnity on American Alloy's behalf.

*Id.* at 175–76.

In the case at bar, LTV and Chaparral have a far more tenuous relationship than the parties in *American Alloy*, where the mere fact of a contractual business relationship between the parties was not held to give rise to an obligation of implied indemnity. We conclude from *American Alloy* that a situation in which two parties have no contractual business dealings—in fact, no direct business dealings whatsoever—is an improper place to imply an obligation of indemnity. We overrule appellant's second point of error.

The judgment of the trial court is affirmed.

MIRABAL, J., dissents.

MIRABAL, Justice, dissenting.

I respectfully dissent.

The majority holds that even if LTV was an *innocent* retailer, it has no right to indemnification from the party who was actually at fault. In my opinion, the majority has construed the Texas Supreme Court's pronouncements on this issue too narrowly.

In its petition, LTV alleged it had purchased approximately 5,109 feet of oil well casing. Chaparral had inspected the casing prior to its delivery to LTV, and had submitted a written inspection report stating the walls of the joints were "prime" "5½ [inch O.D.] 20# N–80" pipe. LTV sold the casing to the ultimate consumer who used the casing in an oil well. The casing parted downhole because the walls of a joint were too thin—Chaparral's inspection report had misrepresented the thickness of the joint.

The ultimate consumer sued LTV for its damages,[1] LTV settled without admitting liability, and LTV then sued Chaparral alleging negligence, misrepresentation, negligent misrepresentation, implied indemnity, third party beneficiary contract, implied warranty of workmanlike inspection, and contribution rights. LTV stated its implied indemnity claim as follows:

> LTV, without itself being at fault, became subject to tort liability to (the ultimate consumer) as a result of Chaparral's unauthorized or wrongful conduct, to wit, its failure to reject the Fish (the joint). Accordingly, LTV is entitled to indemnity from Chaparral for expenditures properly made in discharge of such liability.

Chaparral filed a motion for summary judgment asserting that, even if LTV proved all of its factual allegations, it could not obtain indemnification from Chaparral, as a matter of law. The trial court granted Chaparral a summary judgment, and the majority opinion affirms.

In *B & B Auto Supply v. Central Freight Lines, Inc.*, 603 S.W.2d 814 (Tex. 1980), the supreme court stated that, under the comparative negligence statute[2], "there is no longer any basis for requiring one tortfeasor to indemnify another tortfeasor when *both have been found negligent and assessed a percentage of fault* by the jury." *Id.* at 817 (emphasis added). The court therefore held that the common law right of indemnity is no longer available between *negligent* joint tortfeasors.[3]

In *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816 (Tex.1984), the supreme court reaffirmed its holding in *B & B Auto Supply*, but it also specifically recognized the *survival* of common law indemnity rights "in products liability cases to protect the *innocent* retailer in the chain of distribution." *Id.* at 819. The present case involves just that (assuming, as we must, that LTV will prove its allegations[4]): an innocent retailer who was liable to its customer for a product defect, but who was not negligent or at fault in any way for the defect.

The majority construes language in *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 432 (Tex.1984), to mean that the indemnification right of an innocent retailer, who is merely a conduit for a defective product, is restricted to indemnification *from the manufacturer* of the defective product. Although it is true the supreme court mentioned only that instance of indemnification liability, I see no reason to

---

1. The suit against LTV alleged breach of contract, breach of express and implied warranties, negligence, strict products liability, and misrepresentation.

2. Tex.Rev.Civ.Stat.Ann. art. 2212(a), *repealed* by Act of May 17, 1985, 69th Leg., ch. 959, § 9(1) 1985 Tex.Gen. Laws 3242, 3322. Now codified at Tex.Civ.Prac. & Rem.Code Ann. § 33.001 (Vernon Supp.1992).

3. Under the common law doctrine of indemnity, when one *tortfeasor* has breached a duty owed to a co-tortfeasor, the breaching tortfeasor could be held liable to the other tortfeasor for indemnity, i.e., for total reimbursement of the damages paid to the plaintiff. *B & B Auto*, 603 S.W.2d at 816.

4. A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, plaintiff could not succeed upon any theories pleaded. *Dodson v. Kung*, 717 S.W.2d 385, 390 (Tex.App.—Houston [14th Dist.] 1986, no writ).

believe the supreme court meant to exclude recovery by an innocent retailer under the facts involved in the present case. *Bonniwell,* which was written after *Duncan,* uses more generalized language than *Duncan:* "An analogous indemnity right survives in products liability cases to protect the *innocent* retailer in the chain of distribution." *Bonniwell,* 663 S.W.2d at 819. Later, in *Aviation Office v. Alexander & Alexander,* 751 S.W.2d 179, 180 (Tex.1988), the supreme court put it this way: "The only remaining vestiges of common law indemnity involve purely vicarious liability or the innocent product retailer situation," citing *Bonniwell.*

The majority also relies on *American Alloy Steel v. Armco, Inc.,* 777 S.W.2d 173 (Tex.App.—Houston [14th Dist.] 1989, no writ). *Armco* involved a summary judgment against a retailer who had sued a steel manufacturer for indemnity, after the retailer had replaced defective steel it had sold to its customer. The court held that the manufacturer/retailer relationship "is not one that persuades us to imply a right to indemnity...." The *Armco* court reached this conclusion without mentioning the Texas Supreme Court decisions in *B & B Auto Supply, Duncan, Bonniwell,* and *Aviation Office.* In my opinion, the *Armco* court's holding on that particular point was incorrect.

For the reasons stated, I would sustain LTV's points of error one and two. Accordingly, I would reverse the summary judgment and remand the case to the trial court.

