Edward J. KLEIN, Appellant,

v.

REYNOLDS, CUNNINGHAM, PETERSON & CORDELL, Appellee.

No. 01–93–00528–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 17, 1995.

Opinion Overruling Rehearing Nov. 30, 1995.

George R. Neely, Houston, for Appellant.

Mike O'Brien, Houston, for Appellee.

Before OLIVER–PARROTT, C.J., and HUTSON–DUNN and MIRABEL, JJ.

## OPINION ON MOTION
## FOR REHEARING

OLIVER–PARROTT, Chief Justice.

We grant appellee's motion for rehearing, withdraw our original opinion of January 12, 1995, and substitute this opinion in its place.

This is an appeal from a summary judgment granted in favor of the law firm in a legal malpractice case. The judgment will be affirmed.

Appellant brought suit against the law firm of Reynolds, Cunningham, Peterson & Cordell (Reynolds) for negligence, breach of contract, violating its fiduciary duty, and violating the Deceptive Trade Practices Act (DTPA).

Appellant retained Reynolds to represent him after the Fourteenth Court of Appeals had affirmed the judgment of the trial court against appellant. Coming into the litigation at this stage, Reynolds filed a timely motion for rehearing on behalf of appellant asserting 38 points of error, but containing no argu-

ment or authority. The motion for rehearing was overruled.

Reynolds then filed an application for writ of error with the Texas Supreme Court containing six points of error with argument and authority. The application for writ of error was denied.

Appellant sued Reynolds alleging the appeal was lost due to its inadequate motion for rehearing before the Fourteenth Court of Appeals. Reynolds moved for summary judgment, asserting that appellant had not established causation as a matter of law. The trial court granted Reynolds' motion for summary judgment as to all of appellant's causes of action, concluding as a matter of law that the failure to present argument and authorities in the motion for rehearing was not the cause of appellant's loss of the case on appeal.

■ In his second point of error, appellant contends that the trial court erred by granting the summary judgment because Reynolds did not establish as a matter of law that its acts or omissions were not the proximate cause of appellant's damages.

■ In a legal malpractice case, a plaintiff must prove that but for the attorney's negligence, the client would have prevailed on appeal. *Millhouse v. Wiesenthal,* 775 S.W.2d 626, 627 (Tex.1989).

> The rationale for requiring this determination is that if the appeal would not have succeeded and the trial court judgment would have been affirmed, the attorney's negligence could not have caused the plaintiff any damage. On the other hand, if the appeal would have succeeded in reversing the trial court's judgment and obtaining a more favorable result, then the plaintiff sustained damage because of the attorney's negligence.

*Id.*

■ In most cases, the determination of proximate cause is a question of fact. *See El Chico Corp. v. Poole,* 732 S.W.2d 306, 314 (Tex.1987). In cases involving appellate legal malpractice, however, the question of whether an appeal would have been successful depends on an analysis of the law and the procedural rules. As the court in *Millhouse* noted, since this requires a review of the trial record and the briefs in order to determine whether the trial court committed reversible error, "a judge is clearly in a better position" to do this than is a jury. *Millhouse,* 775 S.W.2d at 628. Therefore, where the issue of causation hinges on the possible outcome of an appeal, the question of causation is to be resolved by the court as a question of law. *Id.*

We now turn our attention to the appeal of the underlying case. Appellant was the sole shareholder, director, and chief executive officer of the Gun Exchange, Inc., a firearms dealership. The inventory of the Gun Exchange had been pledged as security on a $622,500 debt owed to Interfirst Bank. Appellant also owed $231,484.60 to various other creditors, which was unsecured. Interfirst informed appellant of its intention to foreclose on the inventory and offer it at a public auction to satisfy the debt. Since appellant had executed a personal guaranty on the debt, he was to be personally responsible for any deficiency following the sale.

Before the public auction, appellant incorporated a new corporation, the Gun Store, and obtained a $650,000 line of credit with CharterBank. This line of credit was secured by the assets of the Gun Store which appellant intended to purchase at the foreclosure sale. At the sale, appellant purchased the assets of the Gun Exchange for $650,000; considerably larger than the next highest bid of $175,000. Had that bid been accepted, appellant would have been personally responsible for the resulting deficiency. After the sale, the only remaining asset of the Gun Exchange available to pay the other creditors was a $12,000 bank account. The other creditors, however, never received any payment.

Possessing the inventory from the now defunct Gun Exchange, the Gun Store began operations in the same location and with the same personnel. The unpaid creditors filed suit on a sworn account against appellant individually, the Gun Exchange, and the Gun Store. In addition to their claims for the unpaid $231,484.60, these creditors alleged that appellant had used the corporate fiction

of the Gun Exchange to perpetuate a fraud and therefore the corporate fiction should be disregarded. The Gun Exchange never answered this lawsuit and a default judgment was entered against it for the entire amount of the debt. This default judgment became final when the Gun Exchange was severed from the suit. Before trial, the plaintiffs non-suited the Gun Store and proceeded to trial only against appellant, asserting constructive fraud. At trial, the jury found that appellant had used the Gun Exchange as a corporate fiction in order to perpetuate a fraud on the unpaid creditors. As a result, the corporate fiction was disregarded, and the appellant became personally liable for the debts and obligations of the Gun Exchange, which was the $231,484.60 from the default judgment.

Appellant appealed. Relying primarily on *Castleberry v. Branscum*, 721 S.W.2d 270 (Tex.1986), the Fourteenth Court of Appeals affirmed, holding that when the corporate fiction is used to perpetuate a fraud, the fiction is to be disregarded. *Id.* at 271. In his appeal, appellant argued that the evidence was insufficient to support the judgment. The court, however, held that, "the jury could well have concluded that the Gun Store was merely a continuation of the Gun Exchange, with the foreclosure sale being used as a method to avoid creditors." *Klein v. Sporting Goods, Inc.*, 772 S.W.2d 173, 176 (Tex.App.—Houston [14th Dist.] 1989, writ denied).

After the affirmance by the court of appeals, appellant retained Reynolds to conduct the remainder of his appeal. Appellant contends that Reynolds was negligent in filing a motion for rehearing containing 38 points of error without any supporting argument or authority. While TEX.R.APP.P. 74(f)(2) requires an argument in a brief to include authority supporting the argument, TEX.R.APP.P. 100(a) does not require either argument or authority in a motion for rehearing. Other than speculation by appellant, there is nothing to show that Reynold's failure to include argument or authority in the motion for rehearing was the reason it was denied.

Appellant argues that Reynolds could have obtained an extension to file the motion for rehearing in order to present the same persuasive argument to the court of appeals that it presented to the supreme court in the application for writ of error. The supreme court, however, denied the application for writ of error. There is nothing in the record to suggest that Reynolds was negligent in failing to request an extension for filing its motion for rehearing because there is no evidence that it would have made any difference. The court of appeals had already reviewed the record and analyzed all of the applicable law in holding that appellant had perpetuated a fraud against his creditors and was therefore personally liable for the default judgment of the Gun Exchange.

After reviewing the underlying case of constructive fraud against appellant, we agree with the trial court that any alleged acts or omissions by Reynolds were not the cause of appellant's failure to win on appeal. We overrule appellant's second point of error.

■ In his first point of error, appellant contends that the trial court erred by granting the summary judgment as to all of appellant's causes of action because Reynolds' motion for summary judgment addressed only appellant's negligence and legal malpractice causes of action.

■ When reviewing a summary judgment, the issue is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more of the essential elements of each of the plaintiff's causes of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). All evidence favorable to the non-movant will be taken as true, and every reasonable inference must be indulged in the non-movant's favor and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A trial court may not grant judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex.1983); *LTV Energy Prod. v. Chaparral Inspection*, 827 S.W.2d 593, 594 (Tex.App.—Houston [1st Dist.] 1992, writ denied). The motion for summary judgment and supporting evidence

must be analyzed in light of the pleadings to ensure that the motion effectively defeats every cause of action raised in the petition. *Yancy v. City of Tyler,* 836 S.W.2d 337, 341 (Tex.App.—Tyler 1992, writ denied).

If a summary judgment order appears to be final, as evidenced by language purporting to dispose of all claims, the judgment should be treated as final for the purposes of appeal. *Mafrige v. Ross,* 866 S.W.2d 590, 592 (Tex.1993). The final judgment of the trial court states, "Defendant Reynolds, Cunningham, Peterson & Cordell has moved that summary judgment be entered against Plaintiff Edward J. Klein on *all claims* the Plaintiff has alleged against them." (Emphasis added.) If the judgment grants more relief than requested, it should be reversed and remanded, but not dismissed. *Id.* Thus, a defendant is not entitled to a summary judgment on the entire case unless the defendant files a summary judgment that addresses, and then conclusively demonstrates, that the plaintiff is not entitled to recover on any theory of liability alleged.

Appellant contends that Reynolds moved for summary judgment only on his negligence and legal malpractice claims and not his breach of contract, breach of fiduciary duty, and DTPA causes of action. Reynolds' motion for summary judgment was limited to the issue of causation. Reynolds argued that there was no causation because the Supreme Court's decision in *Castleberry* "was clearly fatal to plaintiff's claim," and therefore precluded a different outcome, regardless of the motion for rehearing's lack of argument and authority. As we already held in overruling appellant's second point of error, Reynold's motion for summary judgment evidence did establish that appellant could not prove causation on his negligence and legal malpractice causes of action.

On original submission, we held that Reynold's motion for summary judgment failed to establish as a matter of law that there were no genuine issues of material fact relating to appellant's remaining causes of action for breach of contract, breach of fiduciary duty, and violations of the DTPA. We held that as to those causes of action, Reynolds

has not yet established as a matter of law that there are no genuine issues of material fact. We were particularly concerned with appellant's summary judgment evidence that Joe Reynolds told appellant that he would handle the case himself and that he could get a rehearing. This evidence would support causes of action for a return of attorney's fees based on breach of contract, breach of fiduciary duty, and violations of the DTPA.

In *Jampole v. Matthews,* 857 S.W.2d 57, 61 (Tex.App.—Houston [1st Dist.] 1993, writ denied), we recognized a cause of action for breach of contract independent of a legal malpractice claim. That case, however, limited this distinction to actions against attorneys for excessive legal fees:

> We distinguish ... between an action for negligent legal malpractice and one for fraud allegedly committed by an attorney relating to the establishing and charging of fees for services. Similarly, we distinguish between an action for negligent legal malpractice and one for breach of contract relating to excessive fees for services.

*Id.*

Upon further consideration, however, we have concluded that appellant's petition simply does not support a cause of action for attorneys' fees. Rather, we believe that appellant's alternative causes of action are all essentially "means to an end" to achieve one complaint of legal malpractice. *LTV,* 827 S.W.2d at 594–95. In appellant's petition, under each of the headings of negligence, legal malpractice, breach of contract, and breach of fiduciary duty, appellant lays out an identical list of alleged acts and omissions that he claims all caused him the same amount of damages, but the *petition never once mentions the return of attorney's fees.* After carefully reviewing appellant's petition, we must conclude that Reynold's motion for summary judgment addressed all of appellant's causes of action.

We affirm the judgment of the trial court. In light of our disposition, the appellee's motion for rehearing en banc is rendered moot.

## OPINION ON MOTION
## FOR REHEARING

We overrule appellant's motion for rehearing, with the following clarification.

Appellee Reynolds, Cunningham, Peterson & Cordell (Reynolds) filed a "Motion for *Partial* Summary Judgment" in this case, which was granted.  The motion specifically stated that Reynolds' claim for attorneys' fees, contained in its counterclaim against appellant, was not covered by the motion for partial summary judgment.  After partial summary judgment was granted, Reynolds dismissed its counterclaim, causing the summary judgment to become final and appealable.

Appellant's first amended original petition addressed Reynolds' attorneys' fees claim by seeking a declaration that appellant "owes no sums of money to [Reynolds] for attorneys' fees."  There was no attempted resolution of the attorneys' fees issue through the summary judgment proceeding;  rather, it was resolved through Reynolds' dismissal of its counterclaim against appellant.