11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

                                                                              

Sanchez Madox

Appellant

Vs.      
            No. 11-02-00042-CV --
Appeal from Harris County

Tommy Thomas, Sheriff

Appellee

 

This
appeal arises out of a suit filed by a former inmate of the Harris County Jail
against the Sheriff of Harris County. 
The record reflects that appellant complained of headaches and vision
problems soon after being incarcerated in January of 1997.  Physicians affiliated with the jail examined
appellant for his complaints on several occasions in January and February of
1997.  The physicians ultimately
diagnosed that appellant suffered from a brain tumor.  Appellant underwent emergency brain surgery on February 12, 1997,
to have the tumor removed.  He lost
sight in both eyes as a result of the operation.  Appellant remained hospitalized for 21 days after the surgery;
after which time, he returned to the jail where he remained incarcerated until
October 9, 2000.

Appellant
filed suit on February 12, 1999, exactly two years after the date of the brain
surgery.  Appellant appeals the trial
court=s grant of summary judgment in favor of
Sheriff Thomas on the grounds of sovereign immunity, limitations, and qualified
immunity.  A trial court must grant a
motion for summary judgment if the moving party establishes that no genuine
issue of material fact exists and that he is entitled to judgment as a matter
of law.  TEX.R.CIV.P. 166a(c); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.1991).  Once the movant establishes a right to a
summary judgment, the non-movant must come forward with evidence or law that
precludes summary judgment.  City of
Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678-79 (Tex.1979).  When reviewing a summary judgment, the
appellate court takes as true evidence favorable to the non-movant.  American Tobacco Company, Inc. v. Grinnell,
951 S.W.2d 420, 425 (Tex.1997); Nixon v. Mr. Property Management Company, Inc.,
690 S.W.2d 546, 548-49 (Tex.1985).








Appellant
originally claimed that he was denied necessary medical care prior to his brain
surgery.  His original petition appeared
to assert claims of negligence, medical malpractice, and civil rights
violations.  Subsequent to the filing of
Sheriff Thomas=s motion for summary judgment, appellant
added additional claims premised on the Americans with Disabilities Act of 1990
(the ADA).  42 U.S.C.A. ' 12101 et seq. (West 1995 & Supp.
2003).  The new claims alleged that appellant
was not provided with adequate accommodations to facilitate his visual
impairment after being discharged from the hospital.  Sheriff Thomas did not amend his motion for summary judgment to
address appellant=s new
claims.  Irrespective of this fact, the
trial court granted summary judgment in favor of Sheriff Thomas on all claims
asserted by plaintiff.

Appellant
brings three issues on appeal. 
Appellant argues in his first issue that the trial court erred in
granting summary judgment on the new claims brought under the ADA because
Sheriff Thomas=s motion for summary judgment did not address
these claims.  Sheriff Thomas
acknowledges this deficiency in his brief.[1]  A defendant is not entitled to a summary
judgment on the entire case unless he files a summary judgment that addresses,
and then conclusively demonstrates, that the plaintiff is not entitled to
recover on any theory of liability alleged. 
Klein v. Reynolds, Cunningham, Peterson & Cordell, 923 S.W.2d 45, 49
(Tex.App. B Houston [1st Dist.] 1995, no writ).  Accordingly, the portion of appellant=s first issue pertaining to his ADA claims is
sustained.   

Appellant
additionally argues in his first issue that the trial court erred in granting
summary judgment on Sheriff Thomas=s contention that appellant=s state law claims are barred by sovereign immunity.  As we recently noted in Eastland County
Cooperative Dispatch v. Poyner, 64 S.W.3d 182, 197 (Tex.App. B Eastland 2001, pet=n den=d):








The government, its agencies, and its officials are
protected from suit under the doctrine of sovereign immunity.  A governmental unit is clothed with
sovereign immunity unless that immunity has been waived by the
legislature.  An employee of a governmental
unit is also entitled to a claim of sovereign immunity in claims against him in
his official capacity.  The doctrine of
sovereign immunity implicates jurisdictional considerations.  

 

The
legislature has provided for waiver of sovereign immunity in certain instances
set forth in the Texas Tort Claims Act.[2]  These instances of waiver are limited and
are narrowly defined.  It is the
prerogative of the legislature to waive or not to waive the protection afforded
by sovereign immunity.  (Citations
omitted)

 

Those instances in which the legislature has provided for
waiver of immunity, as relevant here, are set forth in Section 101.021 of the
Texas Tort Claims Act, which provides:

A governmental unit in
the state is liable for:

 

(1)
property damage, personal injury, and death proximately caused by the wrongful
act or omission or the negligence of an employee acting within his scope of
employment if:

 

(A) the
property damage, personal injury, or death arises from the operation or use of
a motor-driven vehicle or motor-driven equipment;  and

 

(B) the
employee would be personally liable to the claimant according to Texas
law;  and

 

(2)
personal injury and death so caused by a condition or use of tangible personal
or real property if the governmental unit would, were it a private person, be
liable to the claimant according to Texas law.

 

Appellant
did not allege that he suffered injury or damage from the operation or use of a
motor-driven vehicle or from a condition or use of tangible personal or real
property.  The portion of appellant=s first issue dealing with the defense of
sovereign immunity is overruled.








Appellant=s third issue addresses Sheriff Thomas=s third summary judgment ground.   Sheriff Thomas asserted in this ground that
he was entitled to qualified immunity because he was not personally involved in
the alleged misconduct asserted by appellant. 
Sheriff Thomas asserted the claim of qualified immunity in response to
appellant=s claims brought under 42 U.S.C.A. §1983  (West Pamph. 2003).

The
doctrine of qualified immunity serves to shield a government official from
civil liability for damages based upon the performance of discretionary
functions if the official’s acts were objectively reasonable in light of then
clearly established law.  Thompson v.
Upshur County, TX, 245 F.3d 447, 456 (5th Cir. 2001).  When a defendant in a Section 1983 action pleads qualified
immunity, the plaintiff has the burden to rebut this defense by establishing
that the official’s wrongful conduct violated clearly established law.  Thompson v. Upshur County, TX, supra at
456.  The shifting of the burden to the
plaintiff to rebut a qualified immunity defense applies in the summary judgment
context.  Perry v. Greanias, 95 S.W.3d
683, 700 (Tex.App. - Houston [1st Dist.] 2002, pet’n den’d).  The first step in the qualified immunity
analysis is to determine whether the plaintiff has alleged the violation of a
clearly established federal constitutional or federal statutory right.  Thompson v. Upshur County, TX, supra at
457.  If the plaintiff does so, the
court must then assess whether the defendant’s conduct was objectively
reasonable in light of clearly established law.  Thompson v. Upshur County, TX, supra at 457.  

Detainees
have a federal constitutional right not to have their serious medical needs met
with deliberate indifference on the part of the confining officials.  Thompson v. Upshur County, TX, supra at
457.  Deliberate indifference in the
context of an episodic failure to provide reasonable medical care to a detainee
means that: (1) the official was aware of facts from which an inference of
substantial risk of serious harm could be drawn; (2) the official actually drew
that inference; and (3) the official=s response indicates the official subjectively intended that harm
occur.  Thompson v. Upshur County, TX,
supra at 458-59.  However, deliberate
indifference cannot be inferred merely from a negligent or even a grossly
negligent response to a substantial risk of serious harm.  Thompson v. Upshur County, TX, supra at 459.








The
summary judgment evidence establishes that Sheriff Thomas was not personally
involved in the acts which allegedly deprived appellant of his constitutional
rights.  Appellant asserted that he Awas denied necessary medical care by the reckless
and callous indifference@ of Sheriff Thomas.  Appellant
did not allege or offer evidence of any policies promulgated by Sheriff Thomas
that denied or impeded the prompt provision of medical care to him.  To the contrary, the summary judgment evidence
establishes that physicians and other health-care providers examined and
treated appellant throughout his period of incarceration.  Appellant premises his claim for the denial
of medical care against Sheriff Thomas on the specific instances in his medical
care which he contends were deficient. 
Supervisory officials are not liable under Section 1983 for the actions
of subordinates on any theory of vicarious liability.  Thompson v. Upshur County, TX, supra at 459. Appellant=s third issue is overruled.  We do not reach appellant=s second issue in light of our holding on the
first and third issues.  

The trial
court=s judgment is reversed in part, and the cause
is remanded in part for a new trial on appellant=s ADA claims.  The remainder of
the trial court=s judgment is affirmed.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

July 31, 2003

Not designated for
publication.  See TEX.R.APP.P. 47.2(a).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.











     [1]Sheriff Thomas=s
brief states as follows: 

 

By his first issue the Appellant contends that [Sheriff Thomas=s] motion for summary judgment did not address his
claim under the Americans with Disabilities Act.  Regrettably, the Appellant is correct.  The motion for summary judgment was filed prior to the filing of
the amended petition containing the ADA claim. 
The motion was not amended and therefore did not contain a specific
ground for disposing of this newly asserted claim.





     [2]All references to the Texas Tort Claims Act refer to
TEX. CIV. PRAC. & REM. CODE ANN. '
101.001 et seq. (Vernon 1997 & Supp. 2003).