NO. 12-03-00298-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
JOANN HAM LONGORIA, f/k/a                      §                 APPEAL FROM THE 369TH
JOANN MUSICK HAM,
APPELLANT

V. 
BOB WHITEHURST, INDIVIDUALLY AND
d/b/a WHITE & WHITEHURST, BRENDA    §                 JUDICIAL DISTRICT COURT OF
K. HICKS, INDIVIDUALLY AND d/b/a
HICKS & HICKS, AND SAM R. HICKS, AND
SAM R. HICKS, INDIVIDUALLY AND
d/b/a HICKS & HICKS,
APPELLEES                                                      §                 ANDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            In one issue, Appellant Joann Ham Longoria appeals the trial court’s granting of summary
judgment in favor of Appellees Bob Whitehurst, Brenda K. Hicks, and Sam R. Hicks (“Appellees”). 
We affirm.
 
Background
            Appellees are attorneys who represented Longoria in a worker’s compensation retaliation suit
in which Longoria sued her employer. Longoria explicitly told Appellees that she would not settle
the underlying case for less than $200,000. She settled with her employer for an initial payment with
ensuing monthly installments to be paid over twenty years. The total amount of the settlement was
over $203,000. Longoria signed the settlement agreement on February 4, 2000.
            Three years later, Longoria filed suit against Appellees. Longoria asserted numerous claims
against Appellees based on their legal representation in the underlying case. These claims included
breach of fiduciary duty, fraud, misrepresentation, breach of contract, violation of the Texas
Disciplinary Rules of Professional Conduct, and conflict of interest. However, her main complaint
was that Appellees did not explain that the present value of her settlement was less than $200,000. 
            Appellees filed a traditional motion for summary judgment,


 alleging that Longoria may not
recover on any of her causes of action because each was nothing more than a restated legal
malpractice claim, which is subject to a two-year statute of limitations. In response, Longoria urged
that she had properly pleaded a fraud action and requested a fee forfeiture. Attached to her response
was an affidavit from Keith Griffin, a C.P.A., wherein Griffin rendered an opinion as to the value
of her settlement on February 4, 2000. Longoria further asserted that there are disputed fact issues
precluding summary judgment. Specifically, Longoria alleges a fact issue exists as to (1) the value
of the settlement on February 4, 2000, (2) what representations were made by the attorneys to the
client as to the value of the settlement, and (3) whether representations made by the attorneys, if any,
were made intentionally. After hearing arguments and considering the pleadings and summary
judgment evidence, the trial court granted summary judgment in Appellees’ favor on all claims. This
appeal followed. 
 
Motion for Summary Judgment
The Parties’ Contentions
            In her sole issue, Longoria asserts that the trial court erred in granting Appellees’ motion for
summary judgment. She contends that Appellees misrepresented the value of the settlement package
to her. Longoria asserts that this misrepresentation constitutes fraud, misrepresentation, breach of
contract, breach of fiduciary duty, a violation of the Texas Disciplinary Rules of Professional
Conduct, and a conflict of interest. Because these causes of action are subject to a four-year statute
of limitations, she asserts, the trial court erred in granting summary judgment based on Appellees’
affirmative defense of a two-year statute of limitations.
            Appellees assert that Longoria’s claims amount to a simple claim of legal malpractice, which
is subject to a two-year statute of limitations. Further, Appellees argue that Longoria is prohibited
from “fracturing” her claims so that she may take advantage of a four-year statute of limitations. 
Accordingly, Appellees contend that Longoria’s action is barred by limitations. 
Burden of Proof and Standard of Review
            Texas uses summary judgments merely “to eliminate patently unmeritorious claims and
untenable defenses.” Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989). To obtain a “traditional”
summary judgment, the movant has the burden of showing that there is no genuine issue of material
fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). In deciding
whether there is a disputed material fact issue precluding summary judgment, evidence favorable to
the nonmovant will be taken as true. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.
1985). Every reasonable inference must be indulged in favor of the nonmovant and any doubts
resolved in its favor. Id. Summary judgment for a defendant is proper when the summary judgment
evidence negates an essential element of the plaintiff’s cause of action as a matter of law or
conclusively establishes all elements of an affirmative defense as a matter of law. See Black v.
Victoria Lloyds Ins. Co., 797 S.W.2d 20, 27 (Tex. 1990). Once the defendant produces sufficient
evidence to establish the right to summary judgment, the burden shifts to the nonmovant to produce
controverting evidence raising a fact issue as to the elements negated. Torres v. Western Cas. &
Sur. Co., 457 S.W.2d 50, 52 (Tex. 1970); Owen Elec. Supply, Inc. v. Brite Day Constr. Inc., 821
S.W.2d 283, 286 (Tex. App.–Houston [1st Dist.] 1991, writ denied).
            When the order granting summary judgment does not specify the particular grounds the trial
court sustained, on appeal, the summary judgment opponent must defeat each summary judgment
ground argued by the movant. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). Otherwise, an
appellate court must uphold the summary judgment on any ground that is supported by the evidence
and pleadings. Id.  If the issue raised is based upon undisputed and unambiguous facts, then the reviewing court
may determine the question presented as a matter of law. Gramercy Ins. Co. v. MRD Invs., Inc.,
47 S.W.3d 721, 724 (Tex. App.–Houston [14th Dist.] 2001, pet. denied). However, if resolution of
the issues rests on disputed facts, summary judgment is inappropriate, and the reviewing court should
reverse and remand for further proceedings. Id. Because the propriety of summary judgment is a
question of law, we review the trial court’s summary judgment de novo. See Natividad v. Alexsis,
Inc., 875 S.W.2d 695, 699 (Tex. 1994).
Applicable Law and Discussion
            The statute of limitations begins to run when a particular cause of action accrues. See S.V.
v. R.V., 933 S.W.2d 1, 4 (Tex. 1996). Typically, a cause of action accrues when a wrongful act
causes injury, regardless of when the plaintiff learns of the injury. See Murray v. San Jacinto
Agency, Inc., 800 S.W.2d 826, 828 (Tex. 1990). Common law fraud claims are subject to a four-year statute of limitations, see Sullivan v. Bickel & Brewer, 943 S.W.2d 477, 481 (Tex. App.–Dallas
1995, writ denied) (citing Williams v. Khalaf, 802 S.W.2d 651, 654 (Tex. 1990)), while legal
malpractice claims are subject to a two-year statute of limitations. Willis v. Maveric, 760 S.W.2d
642, 644 (Tex. 1988). 
             Before determining if any of the grounds asserted by Appellees supported the trial court’s
grant of summary judgment, we must first address the precise nature of the claims Longoria alleged
against Appellees. A defendant is not entitled to a summary judgment on the entire case unless the
defendant files a summary judgment that addresses, and then conclusively demonstrates, that the
plaintiff is not entitled to recover on any theory of liability alleged. Klein v. Reynolds,
Cunningham, Peterson & Cordell, 923 S.W.2d 45, 48-49 (Tex. App.–Houston [1st Dist.] 1995, no
writ). Longoria’s petition contained allegations of breach of fiduciary duty, breach of contract,
conflict of interest, fraud, misrepresentation, and a violation of the Texas Disciplinary Rules of
Professional Conduct. Appellees contend that Longoria should not be allowed to fracture what is
essentially a legal malpractice claim into several causes of action. We agree.
            A cause of action arising out of bad legal advice or improper representation is legal
malpractice. Sullivan, 943 S.W.2d at 481. Further, Texas courts have consistently held that
separating a claim for legal malpractice into claims for negligence, breach of contract, fraud, or other
named causes of action does not change the underlying fact that the claims are based on professional
negligence and are governed by the two-year limitations statute. See Sledge v. Alsup, 759 S.W.2d
1, 3 (Tex. App.–El Paso 1988, no writ). “Whatever label is placed on it, a suit for legal malpractice
is in the nature of a tort action and thus the two-year statute of limitations governs.” Willis v.
Maveric, 723 S.W.2d 259, 261 (Tex. App.– San Antonio 1986), aff’d, 760 S.W.2d 642 (Tex. 1988). 
Although Longoria alleged multiple causes of action, they were all essentially a “means to an end”
to recover for legal malpractice. See Klein, 923 S.W.2d at 49. Thus, we conclude that Longoria’s
claims amount to nothing more than allegations of legal malpractice.
            Longoria must have filed her claim by February 4, 2002 to be within the two-year statute of
limitations for legal malpractice. See Sledge, 759 S.W.2d at 3. Longoria filed her original petition
on February 14, 2003, more than a year past the deadline. Her summary judgment proof does not
raise a fact issue relating to Appellees’ affirmative defense. As a result, she failed to defeat
Appellees’ summary judgment proof. Thus, the trial court properly granted Appellees’ motion for
summary judgment. Consequently, we overrule Longoria’s sole issue.
 
 Disposition
            Having overruled Longoria’s sole issue, we affirm the trial court’s judgment.
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
Opinion delivered February 28, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.














(PUBLISH)