# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00391-CV

**Lynda S. David, Appellant**

**v.**

**Williamson County, Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 03-561-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

On July 17, 2001, appellant Lynda S. David, while inside a Williamson County courthouse, fell on some stairs and was injured. On July 18, 2003, David filed suit against the appellee Williamson County, alleging tort claims of negligence and premises liability. Williamson County filed a motion for summary judgment in March 2009. On April 6, 2009, prior to the district court's hearing on Williamson County's motion for summary judgment, David filed an amended petition in which she added for the first time a cause of action under the federal Americans with Disabilities Act (ADA). *See* 42 U.S.C. § 12132 (2006) (prohibiting exclusion, by reason of disability, from participation in services, programs, or activities of public entity). Williamson County did not amend its motion for summary judgment or otherwise address the new ADA claim in its motion for summary judgment. On April 17, 2009, the district court granted Williamson County's motion for summary judgment and entered a take nothing judgment against David on all her claims.

On appeal, David asserts that the district court erred in entering judgment on her cause of action under the ADA. Summary judgment is proper if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law *on the issues expressly set out in the motion or in an answer or any other response*." Tex. R. Civ. P. 166a(c) (emphasis added); *see McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) ("A motion must stand or fall on the grounds expressly presented in the motion."); *Klein v. Reynolds, Cunningham, Peterson & Cordell*, 923 S.W.2d 45, 49 (Tex. App.—Houston [1st Dist.] 1995, no writ) (op. on reh'g) ("[A] defendant is not entitled to a summary judgment on the entire case unless the defendant files a [motion for] summary judgment that addresses, and then conclusively demonstrates, that the plaintiff is not entitled to recover on any theory of liability alleged."). Neither Williamson County's motion for summary judgment nor any answer or response in the record addresses David's ADA claim. The motion addresses only David's tort claims and is based solely on provisions of the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.061, .101 (West 2005). Therefore, the district court's dismissal of David's ADA claim was error.

We reverse the district court's dismissal of David's cause of action under the ADA and remand for further proceedings consistent with this opinion.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Reversed and Remanded

Filed: April 15, 2010

2