**Opinion issued November 21, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-00293-CV

_____

### KAREN KRISTINE SILVIO, Appellant

### V.

### JASON B. OSTROM AND NICOLE SAIN, Appellees

---

**On Appeal from County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 937164**

---

## MEMORANDUM OPINION

Appellees, Jason Ostrom and Nicole Sain, sued Appellant, Kristine Silvio, for outstanding attorney's fees from an earlier suit, and Silvio counter-sued with a number of claims relating to Ostrom and Sain's representation of her. Ostrom and Sain filed a motion for summary judgment on their claims against Silvio as well as

Silvio's claim against them. The trial court granted the motion on Silvio's claim and denied the motion on Ostrom and Sain's claims. Ostrom and Sain later nonsuited their claims. On appeal, Silvio argues (1) the trial court erred by granting Ostrom and Sain's motion on her claim because Ostrom and Sain failed to carry their burden of disproving her element of harm, (2) the trial court erred by allowing Ostrom and Sain to nonsuit their claims, and (3) she has newly discovered evidence regarding the earlier suit.

We affirm, in part, and reverse and remand, in part.

## Background

In 2007, Silvio's siblings sued Silvio over two deeds that purported to convey an interest in real property to Silvio from her siblings and their mother. Silvio retained Ostrom and Sain as counsel for that suit. Part way through the suit, Silvio fired Ostrom and Sain as her counsel, retained new counsel, and later represented herself pro se at trial. At the end of that suit, the trial court ruled that both deeds lacked consideration and that the deed from her siblings lacked proper delivery.[1]

Shortly afterwards, Ostrom and Sain filed suit against Silvio for unpaid attorneys' fees, alleging breach of contract and suit on a sworn account. Silvio

---

[1] We reversed on the mother's deed, holding no consideration was needed and the deed valid. *Silvio v. Boggan*, No. 01-10-00081-CV, 2012 WL 524420, at *5 (Tex. App.—Houston [1st Dist.] Feb. 16, 2012, pet. denied) (mem. op.).

filed a counterclaim, alleging legal malpractice. Ostrom and Sain filed a traditional motion for summary judgment on Silvio's legal malpractice claim as well as their breach of contract and suit on a sworn account claims. The trial court granted the motion on Silvio's legal malpractice claim but denied the motion on Ostrom and Sain's breach of contract and suit on a sworn account claims. Ostrom and Sain subsequently filed a non-suit without prejudice on their claims.

## Motion for Summary Judgment

In her first issue, Silvio argues the trial court erred by granting summary judgment on her claims against Ostrom and Sain.

## A. Standard of Review

The standard for reviewing a traditional summary-judgment motion under Texas Rule of Civil Procedure 166a(c) is whether the successful movant at the trial level carried its burden of showing there is no genuine issue of material fact and judgment should be granted as a matter of law. TEX. R. CIV. P. 166a(c). To prevail on a traditional summary-judgment motion, the movant must establish no issue of material fact exists and it is entitled to judgment as a matter of law. *See id*.; *SAS Inst. Inc. v. Breitenfeld*, 167 S.W.3d 840, 841 (Tex. 2005). There is no issue of material fact and a matter is conclusively proven when reasonable people could not differ in their conclusions, a matter that depends on the facts of each case. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

3

In conducting our review, we take as true all evidence favorable to the nonmovant, and we make all reasonable inferences in the nonmovant's favor. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). Because summary judgment is a question of law, we review a trial court's summary judgment decision de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

A defendant who moves for summary judgment must either (1) disprove at least one element of each of the plaintiff's causes of action or (2) conclusively establish each essential element of any affirmative defense, thereby rebutting the plaintiff's causes of action. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).

## B.  Analysis

Silvio asserted a number of counterclaims against Ostrom and Sain, alleging they failed to file documents with the court within the required time period, failed to provide adequate legal research for her motion for summary judgment, and did not adequately prepare for depositions and mediation. Ostrom and Sain argued in their motion for summary judgment that Silvio's counterclaim amounted to a single legal malpractice claim. Silvio did not dispute their characterization of her counterclaim.

When a plaintiff's alternative causes of action are essentially means to an end to achieve one complaint of legal malpractice, then the causes of action will be

4

bundled as one legal malpractice cause of action. *See Klein v. Reynolds, Cunningham, Peterson & Cordell*, 923 S.W.2d 45, 49 (Tex. App.—Houston [1st Dist.] 1995, no writ). Because Silvio did not dispute the characterization of her counter-petition as one claim for legal malpractice, we will treat it as such.

The elements of legal malpractice are (1) the attorney owed the plaintiff a duty; (2) the attorney breached that duty; (3) the breach proximately caused the plaintiff's injuries; and (4) damage occurred. *Greathouse v. McConnell*, 982 S.W.2d 165, 172 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (citing *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 670 (Tex. App.—Houston [1st Dist.] 1996, no writ)). Ostrom and Sain did not urge no-evidence grounds for summary judgment. Instead, their motion recited only traditional summary-judgment authorities and made only traditional summary-judgment arguments to the effect that they could negate the third element of the legal malpractice claim, that they proximately caused Silvio's harm.

As traditional summary-judgment movants, it was Ostrom and Sain's burden to prove the absence of any issue of material fact. This they failed to do. The first argument in the motion was that "Defendant fails to plead with any clarity what act or omission gives rise to her cause of action." This complaint about Silvio's pleadings did nothing to satisfy their summary-judgment burden.

Their second argument was that Silvio "fails in her ability to establish proximate cause and harm, just as Delcourt did."  This argument refers to *Humphreys v. Delcourt*, No. 01-09-00025-CV, 2009 WL 5174245 (Tex. App.—Houston [1st Dist.] Dec. 31, 2009, no pet.), a legal malpractice case that Ostrom and Sain characterized as being very "similar" to theirs.  The comparison fails because *Humphreys* was a legal-sufficiency review after a trial on the merits.  *Id.* at *4.  Unlike the no-evidence standard applied to review the judgment in *Humphreys*, in this appeal we evaluate the summary-judgment motion and supporting evidence to determine whether Ostrom and Sain conclusively demonstrated the absence of a material fact.  *See* TEX. R. CIV. P. 166a(c) (requiring movant to establish "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion").

Ostrom and Sain then argued that they "were involved in the beginning of [Silvio's] suit, and put her in a good position to settle the case for less than the cost of litigating it fully," asserting that Silvio "chose not to take that settlement offer, and at trial lost because there was no consideration for either of the deeds, and no delivery for one of the deeds."  They offered no summary-judgment evidence to support their contentions about the alleged settlement opportunity, which in any case was irrelevant to the viability of Silvio's claims.  The only evidence they did

6

attach was the final judgment entered by the trial court, which indicated that the deed purportedly conveying property to Silvio from her siblings "is declared to be void ab initio and is of no force and effect, there being no consideration, as this term is understood in law, supporting such deed from Grantee to Grantor." Based on this evidence, Ostrom and Sain further argued:

> The injury that [Silvio] suffered was the loss of her case; no act or omission by [Ostrom and Sain] could have changed the fact that she did not pay consideration to her siblings or mother, nor could it have changed the fact that she could not establish delivery of the deed signed by her siblings. In the same vein, [Ostrom and Sain] could not have anticipated that anything they did, or did not do, would impact the facts supporting [Silvio's] siblings' suit against her.

Ostrom and Sain's only evidence to support these assertions was the final judgment from the siblings' case against Silvio. But that judgment addressed only the outcome at trial. It did not address, and therefore could not conclusively establish, whether Silvio's case had been prejudiced in any fashion by Ostrom and Sain's representation.

Ostrom and Sain's bare assertions that she would have lost anyway do not constitute summary judgment proof and cannot support their motion for summary judgment. *See Adams v. Downey*, 124 S.W3d 769, 773 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding bare assertions in motion for summary judgment cannot support summary judgment). Accordingly, Ostrom and Sain did not meet their burden to negate the harm element of Silvio's legal malpractice claim.

7

The dissent argues that Ostrom and Sain met their summary judgment burden by attaching the original judgment and their billing records to their motion. We cannot agree. Ostrom and Sain only relied on the billing records in support of the motion for summary judgment on their claim of breach of contract against Silvio. Ostrom and Sain did not argue that their billing records could somehow disprove Silvio's malpractice claim. *See State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) (holding "[s]ummary judgment may not be affirmed on appeal on a ground not presented to the trial court in the motion").

Even including Ostrom and Sain's billing records in the scope of the summary judgment evidence on Silvio's malpractice claim, this evidence only amounts to proof that legal services were provided. We find no legal support—and the dissent has not cited to any—for the argument that proof of legal services establishes as a matter of law that legal malpractice was not committed.

We sustain Silvio's first issue.[2]

## Nonsuit

In her second issue, Silvio argues the trial court erred by allowing Ostrom and Sain to nonsuit their claims against her. It appears that Silvio's main argument

---

[2] Silvio argues in her third issue that she has newly discovered evidence of allegations pleaded against her in the earlier suit that Ostrom and Sain had failed to notify her about. If anything, this is a basis for Silvio's allegation that Ostrom and Sain committed malpractice. Because we have already reversed the trial court's grant of summary judgment on this claim, we do not need to address this issue. *See* TEX. R. APP. P. 47.1.

is that nonsuit was improper because she sought to maintain her malpractice claim against Ostrom and Sain. To the degree that Silvio is arguing any error in the nonsuit distinct from her complaint on the grant of summary judgment, we note, "A plaintiff has an absolute right to nonsuit a claim before resting its case-in-chief, but a nonsuit 'shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief,'" *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 300 (Tex. 2013) (quoting TEX. R. CIV. P. 162). Because Silvio's legal malpractice claim had been disposed of before they filed their notice of nonsuit, Otsrom and Sain had an absolute right to nonsuit their claims.

We overrule Silvio's second issue.

## Conclusion

We reverse the portion of the trial court's judgment granting summary judgment on Silvio's claims against Ostrom and Sain. We affirm the remainder of the trial court's judgment.


Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Justice Keyes, dissenting.